### Frances A. Craig v. James R. Craig et al.

1. ALIMONY—*Decree for, not Res Adjudicata.*—A decree for alimony is not *res adjudicata* if facts occur after its rendition which make it proper the decree should be altered or revised. The power of the court over the subject-matter is not exhausted by the entry of the original decree, but is continuing for the purpose at any time of making such alterations as in the exercise of a judicial discretion may appear to be just and proper.

2. SAME—*Abuse of the Discretion.*—The abuse of this discretion may be corrected in courts of review, but unless it is shown to be unreasonable or unjust, the action of the court below should be accepted and approved.

3. SAME—*Revision of the Decree for.*—It is not indispensable to the revision of a decree for alimony that the husband should make formal application therefor; the question may arise as well upon the application of the wife for equitable assistance to enforce the payment of the alimony.

**Bill to Enforce Payment of Alimony.**—Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 6, 1895.

FRANK R. HENDENSON and EZRA M. PRINCE, attorneys for appellant.

CHARLES M. PEIRCE, attorney for appellees; JAMES S. NEVILLE, guardian *ad litem.*

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The appellant, Frances A. Craig, and appellee, James R. Craig, were husband and wife.

Craig v. Craig.

She was granted a divorce for his fault and decreed the allowance of alimony at a fixed rate per month. He paid a small part thereof in money and his homestead right was afterward sold to aid in further satisfying the decree.

His children by a former wife held title to the fee of the homestead.

Appellant filed a petition to a subsequent term of court praying the aid of the court of chancery to subject this title to the payment of her decree for alimony on the ground they held it in fraud of her rights.

Upon the hearing of the petition the court revised the former decree in her favor, fixed a gross sum to be paid her in full for all her claims past and future for alimony and decreed the interest of appellee's children aforesaid in the homestead tract subject to sale to discharge the amount so fixed to be paid to her.

By this appeal she questions the power of the court to alter the former decree in her favor and reduce the amount ordered therein to be paid, and she questions also the propriety of such action even if the court had the power.

A decree for alimony is not *res judicata* if facts have occurred since it was rendered which makes it proper the decree should be altered or revised. Cole v. Cole, 142 Ill. 24.

" The power of the court over the subject-matter of alimony is not exhausted by the entry of the original decree but is continuing for the purpose at any time of making such alterations as shall appear to the chancellor in the exercise of judicial discretion to be just and proper." Cole v. Cole, *supra.*

The abuse of this discretion may be corrected by courts of review.

But unless shown to be unreasonable or unjust, the action of the chancellor should be accepted and approved.

In the case at bar the petition for divorce was heard before and decided and alimony fixed by the chancellor who rendered the decree appealed from. His knowledge of the parties and their differences and contentions and of a variety

of circumstances which we can not so well know gave him superior advantage to determine justly between them. Since he entered the decree awarding alimony to the appellant he has at her application rendered other orders designed to aid her in collecting her money. By virtue of one of such orders the homestead right of the appellee was exposed to sale and sold and he forced to deliver it up to the purchaser.

Finally the appellant presented a bill to the same chancellor asking that the fee interest held or claimed by the children in the homestead should be declared subject to sale to discharge her claims. Upon that application the chancellor rendered the decree appealed from declaring the interest of the children subject to the claim of appellant as revised and reduced by the decree.

We do not doubt the power of the chancellor to so deal with the decree for alimony and can not say the discretion vested in him has been abused or unreasonably exercised.

It is not indispensable to the revision of a decree for alimony the husband should make formal application therefor. The question may arise as well, upon the application of the wife for equitable assistance to enforce payment of the alimony.

The declaration in Cole v. Cole, *supra*, that relief should not be granted in that case because the husband was in default in his payments of alimony and hence in contempt of the decree, must not be accepted as announcing a general rule to that effect, but only as declaring the rule applicable under the facts of that case.

If default in payment would invariably forbid relief, the power of the court over such decrees would be restricted to controlling future payments, thus making all decrees for alimony *res judicata* without regard to the changed situation of the parties, or equitable considerations which ought to relieve from the payment of past due allowances.

The complaint the court heard no testimony tending to establish facts warranting interference with the original decree is not well grounded.

The pleadings were such the court had before it all former proceedings relating to the question of alimony, including the action taken by the court upon various applications of the wife for assistance in enforcing the decree. The sale of the homestead was disclosed and an affidavit filed by the husband in reply to an application that he be attached for contempt in failing to meet payment of alimony, was admitted in evidence upon the concession of the appellant that material statements thereon were true.

Facts thus came to the court which induced the action taken.

We see no reason demanding interference therewith.

The decree of divorce became *res judicata* at the adjournment of the term at which it was rendered. Hence we can not consider the cross-errors attacking it.

Decree affirmed.